ORIGINAL
FILED
07 NOV 13 PH 3:34

Thomas C. Burch, Esq. (STATE BAR No. 99163)
Email: tcburch@to2law.com
Norman L. Chong, Esq. (STATE BAR No. 111439)
Email: nchong@to2law.com
TARKINGTON, O'NEILL, BARRACK & CHONG
A Professional Corporation
601 Van Ness Avenue, Suite 2018
San Francisco, CA  94102
Telephone:   (415) 777-5501
Facsimile:    (415) 546-4962

Attorneys for Plaintiff
MARKEL AMERICA INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDL

| | |
|---|---|
| MARKEL AMERICAN INSURANCE COMPANY, | Case No. CV 07 5749 |
| Plaintiff, | COMPLAINT FOR DAMAGES FOR: |
| vs. | 1. Strict Products Liability<br>2. Breach of Warranty |
| PACIFIC ASIAN ENTERPRISES, INC.; a California corporation; LEVITON MANUFACTURING CO., INC., a Delaware corporation; HUBBELL INCORPORATED, a Connecticut corporation; and, DOES 1 - 100, inclusive, | 3. General Negligence<br><br>DEMAND FOR JURY TRIAL |
| Defendants | |

COMES NOW plaintiff MARKEL AMERICAN INSURANCE COMPANY and alleges as to defendants, and each of them, as follows:

**JURISDICTION**

1.  Jurisdiction over this matter is proper in this court under 28 U.S.C. §1332 as there is complete diversity of citizenship between plaintiff and defendants in this action, and the amount in controversy exceeds $75,000.

**VENUE**

2.  Venue for this diversity action is proper in this District under 28 U.S.C. §1391(a) on the grounds that (1) for purposes of venue, defendant corporations are all deemed to reside in this judicial district pursuant to 28 U.S.C. §1391(c).

Law Offices
TARKINGTON,
O'NEILL, BARRACK
& CHONG
A Professional Corporation
100 STONY POINT ROAD,
SUITE 270
SANTA ROSA, CA 95401
Telephone: (707)576-1360
Facsimile: (707)544-3144

{2148}Complaint Markel_PAE.wpd                      - 1 -                    Civil Case No.
COMPLAINT FOR DAMAGES

## PARTIES

3. At all times relevant herein, plaintiff MARKEL AMERICAN INSURANCE COMPANY (hereinafter, "**MARKEL**") was and is a Virginia corporation with a principal place of business in Wisconsin and is admitted to do and doing business of insurance in the State of California.

4. Plaintiff is informed and believes that, at all times relevant herein, defendant PACIFIC ASIAN ENTERPRISES, INC. (hereinafter, "**PAE**"), was and is a California corporation licensed to do an doing business in the State of California, including the Northern District of California, with a principal place of business in Dana Point, California.

5. Plaintiff is informed and believes that, at all times relevant herein, defendant LEVITON MANUFACTURING CO., INC. (hereinafter, "**LEVITON**") was and is a Delaware corporation with a principal place of business in the State of New York which is licensed to do an doing business in the State of California, including the Northern District of California.

6. Plaintiff is informed and believes that, at all times relevant herein, defendant HUBBELL INCORPORATED, doing business in California, including the Northern District of California, as Harvey Hubbell Incorporated (hereinafter, "**HUBBELL**") was and is a Connecticut corporation with a principal place of business in the State of Connecticut which is licensed to do an doing business in the State of California including the Northern District of California.

7. Plaintiff is unaware and ignorant of the true names and domicile of the defendants identified as DOES 1-100, inclusive, and therefore sues said defendants by such fictitious names and prays for leave to amend this complaint when the true names and capacities of said fictitiously named defendants have been ascertained.

8. Plaintiff is informed and believes and thereon alleges that each of the defendants is and at all times herein was the agent, principal, undisclosed agent, undisclosed principal, associate, employee and/or representative of the other(s) or in some other way responsible for the damages suffered by plaintiff and plaintiff will seek leave to amend this complaint when such relationships are ascertained.

## GENERAL ALLEGATIONS

9. At all relevant times herein plaintiff **MARKEL** issued to its insured, Ron Montague, a policy of insurance called the Jackline Policy, policy number JL0000045-2, for the policy period of

Law Offices
TARKINGTON,
O'NEILL, BARRACK
& CHONG
A Professional Corporation
100 STONY POINT ROAD,
SUITE 270
SANTA ROSA, CA 95401
Telephone: (707)576-1180
Facsimile: (707)544-3144

{21481}Complaint Markel PAE.wpd          - 2 -          Civil Case No.
COMPLAINT FOR DAMAGES

1  September 19, 2005, to September 19, 2006, on a 2003 47' Nordhavn trawler, hull number
2  PAI470111003 named *Boundless Grace*.

3      10.    Plaintiff is informed and believes that the *Boundless Grace* was designed,
4  manufactured, distributed and sold by **PAE** and incorporated the work, materials and products of
5  defendants **LEVITON, HUBBELL** and DOES 1 - 100, inclusive.

6      11.    Plaintiff is further informed and believes that its insured purchased the *Boundless
7  Grace* directly from defendant **PAE** which delivered the vessel to him in or about January 2004, in the
8  State of Florida. Unknown to plaintiff's insured, at the time the vessel was delivered, the vessel and
9  certain key components were defective, deficient and/or were otherwise not fit for the purpose intended.

10      12.    On or about November 14, 2005, as a direct, foreseeable and proximate result of the
11  defects, deficiencies and poor workmanship of the work, materials and products of defendants, and each
12  of them, the *Boundless Grace* was severely damaged in an engine room fire including, but not limited
13  to heat, fire, smoke, and water damage to its machinery space, generator, engine and mechanical
14  systems, cabin, wheelhouse, electrical system, fuel system, plumbing system, insulation, fittings,
15  finishes, furnishings and appliances, as well as personal property. In addition, various dock fees and
16  emergency repair and clean up costs were necessarily incurred to protect the boat.

17      13.    As a direct and proximate result of the fire and the damage caused to the *Boundless
18  Grace*, plaintiff was obligated to pay substantial sums to or on behalf of its insured for the protection,
19  repair, and loss of use of the vessel in an amount according to proof, but not less than $268,900.

20      14.    Plaintiff has performed all acts in compliance with the terms and conditions of its
21  policy with its named insured for the loss to *Boundless Grace*, and by reason thereof, has become
22  subrogated to the rights of its insureds to recovery the amounts paid and incurred as a proximate result
23  the loss and damage to the vessel.

### FIRST CLAIM FOR RELIEF
### (Strict Liability)

26      15.    Plaintiff realleges and incorporates by reference as though fully set forth herein, the
27  allegation of paragraphs 1 through 13, inclusive, of this Complaint.

28      16.    Plaintiff is informed and believes that defendant **PAE**, and DOES 1 - 50, designed,

Law Offices
TARKINGTON,
O'NEILL, BARRACK
& CHONG
A Professional Corporation
100 STONY POINT ROAD,
SUITE 270
SANTA ROSA, CA 95401
Telephone: (707)576-1560
Facsimile: (707)544-3144

{2148}Complaint Markel_PAE.wpd      - 3 -      Civil Case No.
COMPLAINT FOR DAMAGES

1  manufactured, assembled, distributed, and sold the 2003 47 foot Nordhavn trawler known as *Boundless*
2  *Grace* to plaintiff's insured, Ron Montague.

3      17.    Plaintiff is informed and believes that defendants **Leviton, Hubbell**, and DOES 51 -
4  70, designed, manufactured, assembled, distributed, and sold electrical components supplied to
5  defendant **PAE** for use and installation on *Boundless Grace*.

6      18.    Plaintiff is informed and believes that defendants DOES 71 - 90, designed,
7  manufactured, assembled, distributed, and sold other component products supplied to defendant **PAE**
8  for use and installation on *Boundless Grace*.

9      19.    Plaintiff is informed and believes that defendants, and each of them, designed,
10  manufactured, distributed and sold products to the general public which defendants, and each of them,
11  knew would be purchased and used without inspection for defects by ordinary consumers. At all times
12  relevant to this action, defendants, and each of them, exercised control over all aspects of the design,
13  approval, manufacture and inspection of the products and materials delivered and incorporated into the
14  vessel owned by plaintiff's insured. The product(s) of each defendant was defective when it left the
15  control of each defendant. At the time of the loss, the product was being used in a manner intended by
16  or reasonably foreseeable to defendants, and each of them.

17      20.    Plaintiff is informed and believes that the defect in defendants' product, and each of
18  them, were not known to and could not have been reasonably discovered by its insured. Plaintiff's
19  insured was the owner and user of the product at the time of the fire.

20      21.    As a direct and proximate result of the failure of defendants' product(s), and each of
21  them, plaintiff's insured suffered substantial injury and damage to the *Boundless Grace* and plaintiff has
22  been damaged by reason of its obligation to pay and payment of substantial sums to or on behalf of its
23  insured for the protection, repair and loss of use of the *Boundless Grace* in an amount in excess of
24  $75,000, exclusive of interest and costs, to be determined at trial.

25      **WHEREFORE**, Plaintiff prays for judgement as hereinafter set forth.

### SECOND CLAIM FOR RELIE
### (Breach of Warranty)

28      22.    Plaintiff realleges and incorporates by reference as though fully set forth herein, the

Law Offices
TARKINGTON,
O'NEILL, BARRACK
& CHONG
A Professional Corporation
100 STONY POINT ROAD,
SUITE 270
SANTA ROSA, CA 95401
Telephone: (707)576-1300
Facsimile: (707)544-3144

{2148}Complaint Markel_PAE.wpd      - 4 -      Civil Case No.
COMPLAINT FOR DAMAGES

allegation of paragraphs 1 through 20, inclusive, of this Complaint.

23. Plaintiff is informed and believes that at the time their respective products were sold or transferred, defendants, and each of them, expressly and impliedly represented and warranted that the product(s), services and materials provided would be of good quality and workmanship, free from defects, were of merchantable quality fit for the particular use intended and would conform to the standards of products of that nature.

24. Plaintiff is informed and believes that at no time prior to the fire on or about November 15, 2005, was its insured aware of any failure of the vessel or its component parts nor of any defect or deficiency in said products.

25. Unknown to plaintiff's insured, the vessel and component parts designed, manufactured, sold and distributed by defendants, and each of them, were, in fact, dangerous, defective and failed to be of the quality represented and warranted by defendants, and each of them.

26. As a direct, proximate and foreseeable result of the breach of express and imiplied warranty(ies) in the products designed, manufactured, sold and distributed by defendants, and each of them, plaintiff and its insured have suffered injury and damage in an amount according to proof at trial in excess of $75,000.

27. Following discovery of the breach of warranty in the products of defendants, and each of them, plaintiff gave notice to defendants of the breach and of the damages caused by the breach of said warranties; however, defendants have failed and refused and continue to fail and refuse to cure the defects, deficiencies and resultant damages to the *Boundless Grace*.

**WHEREFORE**, Plaintiff prays for judgement as hereinafter set forth.

### THIRD CLAIM FOR RELIE
(Negligence)

28. Plaintiff realleges and incorporates by reference as though fully set forth herein, the allegation of paragraphs 1 through 26, inclusive, of this Complaint.

29. Defendants, and each of them, owed a duty of care in the design, manufacture, distribution and sale of goods, services and products, to conduct their activities so as to avoid harm to the persons and property of others including, but not limited to plaintiff's insured.

30.   Defendants, and each of them, breached their duty of care to plaintiff's insured by failing to ensure that the products, services and materials provided for the *Boundless Grace* were of good workmanship and materials, free from defects and fit for the purpose intended.

31.   As a direct and proximate result of the breach of duty by defendants, and each of them, plaintiff has been harmed due to the fire which damaged the vessel of its insured in an amount according to proof in excess of $75,000.

**PRAYER FOR RELIEF**

**WEREFORE**, plaintiff prays for judgment against defendants Pacific Asian Enterprises, Inc., Leviton Manufacturing Co., Inc., Hubbell Incorporated, and DOES 1 - 100, inclusive, as follows:

1.   General damages in the amount of $288,917.57;

2.   Prejudgment interest at the legal rate;

3.   Costs of Suit; and,

4.   For such other and further relief as the Court may deem just and proper.

DATED: November 12, 2007

TARKINGTON, O'NEILL, BARRACK & CHONG
A Professional Corporation

By _____
Thomas C. Burch
Attorneys for Plaintiff
Markel American Insurance Company

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civl Procedure on all issues in this action.

DATED: November 12, 2007

TARKINGTON, O'NEILL, BARRACK & CHONG
A Professional Corporation

By _____
Thomas C. Burch
Attorneys for Plaintiff
Markel American Insurance Company

Law Offices
TARKINGTON,
O'NEILL, BARRACK
& CHONG
A Professional Corporation
100 STONY POINT ROAD,
SUITE 270
SANTA ROSA, CA 95401
Telephone (707)576-1340
Facsimile (707)544-3144

{2148}Complaint Markel_PAE.wpd         - 6 -         Civil Case No
COMPLAINT FOR DAMAGES