1  LATHAM & WATKINS LLP
      Ernest J. Hahn (Bar No. 237014)
2        ernie.hahn@lw.com
      Yasmin N. Best (Bar No. 235959)
3        yasmin.best@lw.com
   633 West Fifth Street, Suite 4000
4  Los Angeles, California  90071-2007
   Telephone:  (213) 485-1234
5  Facsimile:  (213) 891-8763

6

7  Attorneys for Defendant
   Hubbell Incorporated

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11

12 | MARKEL AMERICAN INSURANCE COMPANY, | CASE NO. CV07-05749 EDL |

13              Plaintiff,           **NOTICE OF MOTION AND MOTION
                                     OF DEFENDANT HUBBELL TO
14        v.                         DISMISS, OR, IN THE
                                     ALTERNATIVE, FOR A MORE
15 PACIFIC ASIAN ENTERPRISES,        DEFINITE STATEMENT;
   INC., a California corporation;   MEMORANDUM OF POINTS AND
16 LEVITON MANUFACTURING CO.,        AUTHORITIES IN SUPPORT;**
   INC., a Delaware corporation;
17 HUBBELL INCORPORATED, a           [Proposed] Order
   Connecticut corporation; and DOES 1-   Granting Defendant Hubbell
18 100, inclusive,                   Incorporated's Motion To Dismiss Or, In
                                     the Alternative, For a More Definite
19              Defendants.          Statement, filed concurrently herewith

20                                   Date:    February 26, 2008
                                     Time:    9:00 a.m.
21                                   Place:   Courtroom E (Judge Laporte)

22

23

24

25

26

27

28

HUBBELL'S MOTION TO DISMISS AND/OR
FOR A MORE DEFINITE STATEMENT

**TO THE PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** at 9:00 a.m. on February 26, 2008 or as soon thereafter as the matter may be heard in Courtroom E of the Honorable Elizabeth D. Laporte, located at 450 Golden Gate Avenue, San Francisco, California 94102, defendant Hubbell Incorporated will and hereby does move the Court to dismiss Plaintiff's Complaint, or, in the alternative, order that Plaintiff amend its Complaint to provide a more definite statement.

This Motion is made on the grounds that the Complaint fails to set forth any facts demonstrating that venue is proper in the Northern District of California. Fed. R. Civ. P. 12(b)(3); 28 U.S.C. § 1391(a). The Complaint also fails to state a claim upon which relief can be granted under Federal Rules of Civil Procedure 12(b)(6) with respect to all of Plaintiff's claims for relief.

This Motion is based on this Notice; the accompanying Memorandum of Points and Authorities; the accompanying [Proposed] Order; the pleadings and papers filed in this action; any matters properly the subject of judicial notice; and such further argument and matters as may be offered at the time of the hearing of this motion.

Dated: January 18, 2008                    Respectfully submitted,

LATHAM & WATKINS LLP
Ernest J. Hahn
Yasmin N. Best

By   /s/ Yasmin N. Best
Yasmin N. Best
Attorneys for Defendant
HUBBELL INCORPORATED

# I.     INTRODUCTION

Defendant Hubbell Incorporated ("Hubbell") respectfully moves this Court to dismiss Plaintiff Markel American Insurance Company's ("Plaintiff" or "Markel") Complaint (the "Complaint"), or, in the alternative, order that Plaintiff amend its Complaint to provide a more definite statement.  The Complaint contains woefully few details about the events at issue, not the least of which is its failure to state where the events that gave rise to Plaintiff's claims against Hubbell occurred. Venue is not proper in this district unless "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated" is unavailable.  Because this action involves a boat—the *Boundless Grace*—that "was severely damaged in an engine room fire," (Compl. ¶ 12), and Plaintiff is seeking general damages to cover "heat, fire, smoke, and water damage to its machinery" and systems, as well as damage to "personal property," and "various dock fees and emergency repair and clean up costs," (ibid.), the most appropriate forum for this action appears to be in the State in which the fire, and subsequent repair, occurred.  Fed. R. Civ. P. 12(b)(3); 28 U.S.C. 1391(a).

Plaintiff's Complaint also fails to state a claim against Hubbell. Plaintiff fails to even generally identify any Hubbell product that was involved in the injuries purportedly sustained by Plaintiff's insured.  Without this basic information, Hubbell cannot meaningfully respond to the Complaint.  As such, Plaintiff has failed to satisfy the requirements of Rule 12(b)(6) with respect to these claims.  Hubbell asks that this Court dismiss the Complaint, or, in the alternative order Plaintiff to amend its Complaint to allege the location of the accident at issue, and the Hubbell product supposedly involved.

## II.    ARGUMENT

### A.    Plaintiff Has Failed to Allege Facts Demonstrating That Venue Is Proper in the Northern District of California.

The factual allegations Plaintiff provides in its Complaint suggest that Northern District of California is not a proper venue for the claims brought by Plaintiff in this action.  Plaintiff bears the burden of establishing that venue is proper in this district.  See Kelly v. Qualitest Pharms., Inc., 2006 WL 2536627, at *7 (E.D. Cal. Aug. 31, 2006) (citing cases).  In a multiple-defendant, multiple-claim action, such as this, Plaintiff must establish both that venue is appropriate for each defendant and that venue is appropriate for each claim against that defendant.  See Multimin USA, Inc. v. Walco Int'l, Inc., 2006 WL 1046964, at *2 (E.D. Cal. April 11, 2006) (citing cases); 17 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 110.05 (Matthew Bender 3d ed.).

This case is a diversity action brought pursuant to 28 U.S.C. § 1332. (Compl. ¶ 1.)  Venue for this action is thus governed by 28 U.S.C. § 1391(a, which provides as follows:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in
>
> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
>
> (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).  A brief analysis of these provisions makes clear that this district is not an appropriate venue for this action.

Subsection (a)(1) is inapplicable, because venue under this provision

1  is proper only when "all defendants reside in the same State."  28 U.S.C.

2  § 1391(a)(1).  This is not the case here—two of the defendants do not reside in

3  California at all.  Defendant Pacific Asian Enterprises, Inc. is a California

4  corporation with its principal place of business in Dana Point, California, which

5  falls within the Central District of California.  (See Compl. ¶ 4.)  Defendant

6  Leviton Manufacturing Co., Inc. is a Delaware corporation with its principal place

7  of business in New York.  (Id. ¶ 5.)  Defendant Hubbell Incorporated is a

8  Connecticut corporation with its principal place of business in Connecticut.  (Id.

9  ¶ 6.)  Given these allegations, there is no venue that would be proper under

10  § 1391(a)(1).

11        Subsection (a)(2) appears to be applicable, but Plaintiff has failed to

12  allege any facts that would allow the Court or the parties to determine if venue in

13  this district is proper.  According to the Complaint, the *Boundless Grace* was

14  purchased in Florida in January of 2004.  (Compl. ¶ 11.)  There are no allegations

15  that the boat was ever brought into this district, or that the accident occurred in this

16  district.  Given that the most direct route to this district would require the

17  *Boundless Grace* to have made a trip through the Panama Canal, there is no reason

18  to assume in the absence of allegations to the contrary, that a "substantial part of

19  the events or omissions giving rise to the claim occurred," or that the "property that

20  is the subject of the action is situated," in this district.  28 U.S.C. § 1391(a)(2).

21  Plaintiffs concede as much in that they do not base jurisdiction on subsection

22  (a)(2).

23        Given that this action alleges that the *Boundless Grace* "was severely

24  damaged in an engine room fire," (Compl. ¶ 12), and seeks general damages to

25  cover "heat, fire, smoke, and water damage to its machinery" and systems, as well

26  as damage to "personal property," and "various dock fees and emergency repair

27  and clean up costs," (ibid.), it would seem that venue for this litigation is most

28  appropriately the district where the accident occurred, or where the boat is

HUBBELL'S MOTION TO DISMISS AND/OR
FOR A MORE DEFINITE STATEMENT

1    currently situated, if they are not one and the same. Fed. R. Civ. P. 12(b)(3); 28

2    U.S.C. 1391(a).

3            Further, the lack of factual allegations that would permit the Court and

4    parties to evaluate venue under subsection (a)(2) also prevent the Plaintiff from

5    relying on subsection (a)(3).  Subsection (a)(3) is a fallback venue provision that

6    allows a defendant to bring suit in any district "in which any defendant is subject to

7    personal jurisdiction," but it may **only** be resorted to "if there is no district in which

8    the action may otherwise be brought."  28 U.S.C. § 1391(a)(3); <u>see also</u> <u>Whiteman</u>

9    <u>v. Grand Wailea Resort</u>, 1999 WL 163044, at *2 (N.D. Cal. Mar. 17, 1999).

10   Section 1391(a)(3) cannot be invoked, however, where venue is proper under

11   § 1391(a)(1) or § 1391(a)(2).  <u>See</u> <u>Algodonera de las Cabezas, S.A. v. American</u>

12   <u>Suisse Capital, Inc.</u>, 432 F. 3d 1343, 1345 (11th Cir. 2005) (citing <u>Doctor's</u>

13   <u>Assocs. v. Stuart</u>, 85 F.3d 975, 983 (2d Cir. 1996)).

14           Despite its claims that each named defendant is "licensed to do an

15   [sic] doing business in the State of California, including the Northern District of

16   California," nothing in the Complaint indicates that any relevant facts occurred in

17   the Northern District; rather, it appears venue is improper in this district.  Having

18   failed to allege the facts necessary to establish venue in this district, Plaintiff's

19   Complaint should be dismissed.

20       **B.    Plaintiff Fails to Allege Facts Sufficient for Hubbell to**

21               **Meaningfully Respond to the Complaint**

22           Plaintiff's claims for relief should be dismissed as to Hubbell under

23   Rule 12(b)(6) as well.  While the standards for notice pleading are typically liberal,

24   Plaintiff fails to provide sufficient details for Hubbell to prepare its defense.  <u>See</u>

25   Fed. R. Civ. Proc. 8(a); <u>Walsh v. Nev. Dep't of Human Res.</u>, 471 F.3d 1033, 1036

26   (9th Cir. 2006).  In addition to any facts about where the fire in question occurred,

27   as discussed above, Plaintiff has failed to include any facts about the Hubbell

28   "work, materials and products" purportedly used on the *Boundless Grace*.  Hubbell

1  cannot begin to defend itself—particularly against a claim for strict liability—
2  when even the name or nature of its product is omitted from the Complaint.
3  Hubbell's various businesses manufacture a wide range of products including
4  wiring and power systems, lighting and electrical products, industrial technology,
5  and telecommunications and data connection products.  Frankly, without even the
6  most basic information about the nature of the product, Hubbell does not know
7  where to refer this Complaint in its organization.  Merely listing the elements of
8  each cause of action, without identifying the products at issue or their defects, is
9  insufficient to sustain these causes of action.  See Provencio v. Armor Holdings,
10  Inc., 2007 U.S. Dist. LEXIS 70831, at *6 (E.D. Cal. September 25, 2007) (finding
11  that, where plaintiff fails to allege how or why a product was defective or
12  negligently designed and manufactured, the complaint should be dismissed).

13      Plaintiff's failure to provide the most basic of information regarding
14  Hubbell's potential relationship to the accident on the *Boundless Grace*
15  undermines the few allegations it does make regarding the engine fire and makes it
16  impossible for Hubbell to meaningfully respond.  Its Complaint should be
17  dismissed.

18      **C.      In the Alternative, Plaintiff Should Provide a More Definite**
19          **Statement**

20      In the alternative, Plaintiff should be compelled to provide a more
21  definite statement to allow Hubbell to respond to the Complaint.  When, as here, a
22  complaint is "so vague or ambiguous that a party cannot reasonably be required to
23  frame a responsive pleading," a defendant may file a motion for a more definite
24  statement pursuant to Fed. R. Civ. Proc. 12(e).  Bautista v. Los Angeles County,
25  216 F.3d 837, 843 n.1 (9th Cir. 2000) (Reinhardt, C.J. concurring) (citing 5
26  Charles A. Wright & Arthur A. Miller, Federal Practice & Procedure:  Civil 2d §
27  1324 at 750 (1990)).  "The proper test in evaluating a motion under Rule 12(e) is
28  whether the complaint provides the defendant with a sufficient basis to frame his

1  responsive pleadings." <u>Margarita Cellars v. Pacific Coast Packaging, Inc.</u>, 189

2  F.R.D. 575, 578 (N.D. Cal. 1999) (quoting <u>Federal Sav. and Loan Ins. Corp. v.</u>

3  <u>Musacchio</u>, 695 F. Supp. 1053, 1060 (N.D. Cal. 1998)).

4          The Complaint does not meet the standard outlined in <u>Margarita</u>

5  <u>Cellars</u>.  By failing to identify the location of the accident, and the current location

6  of the *Boundless Grace*, this Court and the parties are unable to measure whether

7  venue is proper in this district.  The Complaint also lacks even the most basic facts

8  regarding the identity of the Hubbell product at issue, making it impossible for

9  Hubbell to respond to the Complaint's meager allegations with any amount of

10 detail or specificity.  Plaintiff should identify the Hubbell product at issue, how the

11 product was used in the *Boundless Grace*, and its defect, if known; the current

12 location of the *Boundless Grace*; and where the *Boundless Grace* was located at

13 the time of the engine fire.

14                              **III.   CONCLUSION**

15         For the foregoing reasons, Hubbell respectfully requests that the Court

16 dismiss Plaintiff's Complaint, or, in the alternative, order that Plaintiff amend its

17 Complaint to provide a more definite statement.

18

19 Dated: January 18, 2008                    Respectfully submitted,

20                                            LATHAM & WATKINS LLP
                                             Ernest J. Hahn
21                                            Yasmin N. Best

22

23                                    By   /s/ Yasmin N. Best
                                             Yasmin N. Best
24                                            Attorneys for Defendant
                                             HUBBELL INCORPORATED
25

26

27

28 LA\1815835.3

HUBBELL'S MOTION TO DISMISS AND/OR
                                              FOR A MORE DEFINITE STATEMENT