1  G. GEOFFREY ROBB (131515)
   JOSHUA A. SOUTHWICK (246296)
2  GIBSON ROBB & LINDH LLP
   100 First Street, 27th Floor
3  San Francisco, California 94105
   Telephone: (415) 348-6000
4  Facsimile:  (415) 348-6001

5

   Attorneys for Defendant
6  PACIFIC ASIAN ENTERPRISES, INC.

7

8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10

11

12 | MARKEL AMERICAN INSURANCE      ) Case No. 07-CV-5749 EDL
   | COMPANY,                       )
13 |                                ) **NOTICE OF MOTION AND MOTION TO**
   |           Plaintiffs,          ) **DISMISS OF DEFENDANT PACIFIC**
14 |                                ) **ASIAN ENTERPRISES, INC;**
   |     v.                         ) **MEMORANDUM OF POINTS AND**
15 |                                ) **AUTHORITIES**
   | PACIFIC ASIAN ENTERPRISES, INC., a )
16 | California corporation; LEVITON )
   | MANUFATURING CO., INC., a Delaware )
17 | corporation; HUBBELL INCORPORATED,) Date: March 11, 2008
   | a Connecticut corporation; and DOES 1 - ) Time: 9:00 a.m.
18 | 100, inclusive                  ) Place: Courtroom E
   |                                 ) Judge: Hon. Elizabeth D. LaPorte
19 |           Defendants.           )
   |                                 )
20

21      TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

22      PLEASE TAKE NOTICE THAT on March 11, 2008 at 9:00 a.m., or on such other date

23 and time as may be determined by the Court, in Courtroom E of the United States District Court,

24 Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San

25 Francisco, California 94102, defendant PACIFIC ASIAN ENTERPRISES, INC. ("PAE") will

26 and hereby does move this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) for an

27 order dismissing plaintiff Markel American Insurance Company ("MARKEL") complaint

28 for failure to state a claim upon which relief can be granted.

1  This motion is made on the grounds that the Complaint fails to state a claim upon which
2  relief may be granted as to each and every cause of action under Federal Rule of Civil Procedure
3  12(b)(6).
4  This motion is based on the Notice of Motion and Motion, the Memorandum of Points
5  and Authorities; the [Proposed] Order, the plaintiff's Complaint herein, any matters properly the
6  subject of judicial notice, and any matters properly raised in oral argument at the time of the
7  hearing of this motion.
8  Dated: February 4, 2008            GIBSON ROBB & LINDH LLP

                                      _____
                                      Joshua A. Southwick, Esq.
                                      Attorney for Defendant
                                      PACIFIC ASIAN ENTERPRISES, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff PACIFIC ASIAN ENTERPRISES, INC., respectfully requests that this Court dismiss plaintiff's MARKEL AMERICAN INSURANCE COMPANY's ("MARKEL") Complaint, attached hereto as Exhibit "A." The Complaint sets forth three causes of action against PAE: products liability, negligence, and breach of warranty. The Complaint alleges that PAE is the manufacturer, designer, distributor and seller of the vessel BOUNDLESS GRACE. (Compl. ¶ 10). MARKEL is the subrogated insurer of the owners of the BOUNDLESS GRACE, and seeks to recover monies it paid to its insured in compensation for damage to the vessel from an alleged engine room fire. (Compl. ¶¶ 9, 12-13).

All three of MARKEL's causes of action fail. Vessel manufacturers have no duty under strict liability or tort theories to prevent vessels from injuring themselves, and therefore MARKEL cannot state a claim against PAE for either strict products liability or negligence. Nor does MARKEL state a breach of warranty claim against PAE because it has not plead the terms of the warranty as required.

## II. ARGUMENT

### A. Applicable Law for Motions to Dismiss.

Dismissal for failure to state a claim upon which relief can be granted is appropriate where a plaintiff can prove no set of facts in support of its claim that would entitle it to relief. Conley v. Gibson, 355 U.S. 41 (1957); Pillsbury, Madison & Sutro v. Lerner, 31 F.3d 924, 928 (9th Cir. 1994). In deciding a 12(b)(6) motion, the Court construes the complaint in the light most favorable to the complainant, Parks Sch. of Bus. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995), and accepts all allegations of fact as true. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). "Nonetheless, conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988); see also Pareto v. F.D.I.C., 139 F.3d at 699 ("conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss").

The purpose of the motion to dismiss is to test the legal sufficiency of the complaint. See, e.g. Niece v. Sears, Roebuck & Co., 293 F.Supp. 792 (N.D.Okla. 1968) ("function of a motion to dismiss is to test the law of a claim, not the facts which support it"). The Court's inquiry is limited to whether the allegations in the complaint comprise a legally cognizable claim for relief. See Yuba Consol. Gold Fields v. Kilkeary, 206 F.2d 884, 889 (9th Cir. 1953) ("ruling on a motion to dismiss for failure to state a claim upon which relief can be granted is a ruling on a question of law"); Alonzo v. ACF Property Management, Inc., 643 F.2d 578, 579 (9th Cir. 1981) (same). Therefore, if plaintiff's claims must fail as a matter of law, the motion to dismiss should be granted.

**B.   A Purchaser Cannot State A Claim in Tort or Products Liability Against the Manufacturer and Seller of a Vessel for Damage to the Vessel Itself.**

The complaint alleges products liability and negligence against the manufacturer of a vessel for damage to the vessel itself. As such, the complaint is subject to the United States Supreme Court rule that no products liability or tort claim lies against the manufacturer of a vessel for damage solely to the vessel itself. See East River S.S. Corp. v. Transamerica Delaval, 476 U.S. 858, 871 (U.S. 1986)

In East River, the United States Supreme Court considered the decisions of the various circuits and state courts on the issue of whether a manufacturer could be found liable in tort for economic loss. It concluded that no tort duty was owed by a manufacturer to a purchaser for damage to the product it sold, and concluded that where "no person or other property is damaged, the resulting loss is purely economic . . . [e]ven when the harm to the product itself occurs through an abrupt, accident-like event, the resulting loss due to repair costs, decreased value, and lost profits is essentially the failure of the purchaser to receive the benefit of its bargain -- traditionally the core concern of contract law. Id. at 870, citing E. Farnsworth, Contracts § 12.8, pp. 839-840 (1982).

Here, the complaint alleges that PAE is the manufacturer of the BOUNDLESS GRACE. (Compl. ¶ 10). Moreover, MARKEL alleges that its insured was the purchaser of the
///

BOUNDLESS GRACE.[1] (Compl. ¶ 11). Finally, the complaint seeks recovery only for repair expenses related to damage to the BOUNDLESS GRACE itself. (Compl. ¶¶ 12, 13, 21, 31). Under the rule of East River, MARKEL cannot state a cause of action against PAE for strict liability or negligence. East River at 876 ("whether stated in negligence or strict liability, no products-liability claim lies in admiralty when the only injury claimed is economic loss").

### C. MARKEL's Vague and Conclusory Breach of Warranty Allegations Fail to State a Cause of Action.

MARKEL's second cause of action for breach of warranty sets forth a series of boilerplate allegations that (1) fail to distinguish between the named defendants, (2) fail to set forth the terms of the alleged warranties, (3) fail to identify the nature of the alleged breach, and (4) fail to attach any written warranty language or allege any other source of the alleged warranties from any particular parties. (Compl. ¶¶ 23, 25). In essence, the complaint states that there was a fire, and the fire was a result of a breach of warranty on the part of all the defendants. In this circuit, "conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." McGlinchy supra., at 810; see also Fed. R. Civ. Proc. 8(a).

The Supreme Court has recently reaffirmed that a plaintiff need do more than set forth the generic bases of a cause of action to survive a motion to dismiss: "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (U.S. 2007)(on a motion to dismiss, court not bound to accept as true a legal conclusion couched as a factual allegation)(internal citations omitted). Here, it is unclear whether the breach of warranty allegation against PAE is based on a warranty arising from a written contract of sale for the vessel, on oral representations made to MARKEL' insured, or arises at law (e.g. under

---

[1] It does not matter that MARKEL, an insurer, was not the purchaser of the vessel. A subrogated insurer, such as MARKEL, stands in the shoes of its insured and has no better rights than those possessed by its insured. Atlantic Mutual Ins. Co. v. Poseidon Schiffahrt, 1963 AMC 669A, 669E-F, 206 F.Supp. 15, 19 (ND Ill. 1962), aff'd. 1963 AMC 665, 313 F.2d 872 (7 Cir.), cert. denied, 375 U.S. 819, 1963 AMC 2697 (1963).

1  the UCC or California Uniform Commercial Code). Nor is there any indication of what
2  constitutes the breach, when it happened, or where it occurred. As such, MARKEL's
3  cause of action for breach of warranty should be dismissed. In the event of amendment,
4  MARKEL should be required to attach the terms of the warranty it claims was breached.

### III. CONCLUSION

For the foregoing reasons, PAE requests that the Court DISMISS plaintiff's complaint in its entirety. As a matter of law, plaintiff's tort claims fail as against PAE under the Supreme Court's decision in East River. Plaintiff's breach of warranty claim against PAE is a mere boilerplate recital that is also subject to dismissal under Fed. R. Civ. Proc. 12(b)(6) and the jurisprudence of this circuit and the Supreme Court.

PAE recognizes that courts generally grant leave to amend when dismissing a complaint under Fed. R. Civ. Proc. 12(b)(6). In PAE's view, neither the products liability nor negligence claims can successfully be amended, as those claims fail against a boat manufacturer as a matter of law. However, with respect to the breach of warranty claim against PAE, in the event that MARKEL's complaint is dismissed with leave to amend, PAE requests that the Court ORDER than any amendment specify, as a minimum the nature and source of alleged warranty made by PAE and the nature of the breach.

Respectively Submitted,

Dated: February 4, 2008

GIBSON ROBB & LINDH LLP

Joshua A. Southwick, Esq.
Attorney for Defendant
PACIFIC ASIAN ENTERPRISES, INC.

# Exhibit A

ORIGINAL FILED
07 NOV 13 PM 3:34

1  Thomas C. Burch, Esq. (STATE BAR NO. 99163)
   Email: tcburch@to2law.com
2  Norman L. Chong, Esq. (STATE BAR NO. 111439)
   Email: nchong@to2law.com
3  TARKINGTON, O'NEILL, BARRACK & CHONG
   A Professional Corporation
4  601 Van Ness Avenue, Suite 2018
   San Francisco, CA 94102
5  Telephone:   (415) 777-5501
   Facsimile:   (415) 546-4962
6
   Attorneys for Plaintiff
7  MARKEL AMERICA INSURANCE COMPANY

8            UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

EDL

10                       CV 07   5749

11 MARKEL AMERICAN INSURANCE COMPANY,   Case No.

12         Plaintiff,                    COMPLAINT FOR DAMAGES FOR:

13 vs.                                   1. Strict Products Liability
                                         2. Breach of Warranty
14 PACIFIC ASIAN ENTERPRISES, INC.; a California   3. General Negligence
   corporation; LEVITON MANUFACTURING CO.,
15 INC., a Delaware corporation; HUBBELL
   INCORPORATED, a Connecticut corporation; and,   DEMAND FOR JURY TRIAL
16 DOES 1 - 100, inclusive,

17         Defendants

18

19         COMES NOW plaintiff MARKEL AMERICAN INSURANCE COMPANY and alleges as

20 to defendants, and each of them, as follows:

21                       **JURISDICTION**

22         1.   Jurisdiction over this matter is proper in this court under 28 U.S.C. §1332 as there

23 is complete diversity of citizenship between plaintiff and defendants in this action, and the amount in

24 controversy exceeds $75,000.

25                       **VENUE**

26         2.   Venue for this diversity action is proper in this District under 28 U.S.C. §1391(a) on

27 the grounds that (1) for purposes of venue, defendant corporations are all deemed to reside in this

28 judicial district pursuant to 28 U.S.C. §1391(c).

Law Offices
TARKINGTON,
O'NEILL, BARRACK
& CHONG
A Professional Corporation

121481 Complaint Markel_PAE.wpd          - 1 -                    Civil Case No.
                              COMPLAINT FOR DAMAGES

## PARTIES

3.  At all times relevant herein, plaintiff MARKEL AMERICAN INSURANCE COMPANY (hereinafter, "**MARKEL**") was and is a Virginia corporation with a principal place of business in Wisconsin and is admitted to do and doing business of insurance in the State of California.

4.  Plaintiff is informed and believes that, at all times relevant herein, defendant PACIFIC ASIAN ENTERPRISES, INC. (hereinafter, "**PAE**"), was and is a California corporation licensed to do an doing business in the State of California, including the Northern District of California, with a principal place of business in Dana Point, California.

5.  Plaintiff is informed and believes that, at all times relevant herein, defendant LEVITON MANUFACTURING CO., INC. (hereinafter, "**LEVITON**") was and is a Delaware corporation with a principal place of business in the State of New York which is licensed to do an doing business in the State of California, including the Northern District of California.

6.  Plaintiff is informed and believes that, at all times relevant herein, defendant HUBBELL INCORPORATED, doing business in California, including the Northern District of California, as Harvey Hubbell Incorporated (hereinafter, "**HUBBELL**") was and is a Connecticut corporation with a principal place of business in the State of Connecticut which is licensed to do an doing business in the State of California including the Northern District of California.

7.  Plaintiff is unaware and ignorant of the true names and domicile of the defendants identified as DOES 1-100, inclusive, and therefore sues said defendants by such fictitious names and prays for leave to amend this complaint when the true names and capacities of said fictitiously named defendants have been ascertained.

8.  Plaintiff is informed and believes and thereon alleges that each of the defendants is and at all times herein was the agent, principal, undisclosed agent, undisclosed principal, associate, employee and/or representative of the other(s) or in some other way responsible for the damages suffered by plaintiff and plaintiff will seek leave to amend this complaint when such relationships are ascertained.

## GENERAL ALLEGATIONS

9.  At all relevant times herein plaintiff **MARKEL** issued to its insured, Ron Montague, a policy of insurance called the Jackline Policy, policy number JL0000045-2, for the policy period of

1  September 19, 2005, to September 19, 2006, on a 2003 47' Nordhavn trawler, hull number
2  PAI470111003 named *Boundless Grace*.

3      10.    Plaintiff is informed and believes that the *Boundless Grace* was designed,
4  manufactured, distributed and sold by **PAE** and incorporated the work, materials and products of
5  defendants **LEVITON, HUBBELL** and DOES 1 - 100, inclusive.

6      11.    Plaintiff is further informed and believes that its insured purchased the *Boundless
7  Grace* directly from defendant **PAE** which delivered the vessel to him in or about January 2004, in the
8  State of Florida. Unknown to plaintiff's insured, at the time the vessel was delivered, the vessel and
9  certain key components were defective, deficient and/or were otherwise not fit for the purpose intended.

10      12.    On or about November 14, 2005, as a direct, foreseeable and proximate result of the
11  defects, deficiencies and poor workmanship of the work, materials and products of defendants, and each
12  of them, the *Boundless Grace* was severely damaged in an engine room fire including, but not limited
13  to heat, fire, smoke, and water damage to its machinery space, generator, engine and mechanical
14  systems, cabin, wheelhouse, electrical system, fuel system, plumbing system, insulation, fittings,
15  finishes, furnishings and appliances, as well as personal property. In addition, various dock fees and
16  emergency repair and clean up costs were necessarily incurred to protect the boat.

17      13.    As a direct and proximate result of the fire and the damage caused to the *Boundless
18  Grace*, plaintiff was obligated to pay substantial sums to or on behalf of its insured for the protection,
19  repair, and loss of use of the vessel in an amount according to proof, but not less than $268,900.

20      14.    Plaintiff has performed all acts in compliance with the terms and conditions of its
21  policy with its named insured for the loss to *Boundless Grace*, and by reason thereof, has become
22  subrogated to the rights of its insureds to recovery the amounts paid and incurred as a proximate result
23  the loss and damage to the vessel.

**FIRST CLAIM FOR RELIEF**
(Strict Liability)

26      15.    Plaintiff realleges and incorporates by reference as though fully set forth herein, the
27  allegation of paragraphs 1 through 13, inclusive, of this Complaint.

28      16.    Plaintiff is informed and believes that defendant **PAE**, and DOES 1 - 50, designed,

Law Offices
TARKINGTON,
O'NEILL, BARRACK
& CHONG
A Professional Corporation

12148\Complaint.Markel_PAE.wpd     - 3 -     Civil Case No.
COMPLAINT FOR DAMAGES

1  manufactured, assembled, distributed, and sold the 2003 47 foot Nordhavn trawler known as *Boundless*
2  *Grace* to plaintiff's insured, Ron Montague.

3      17.     Plaintiff is informed and believes that defendants **Leviton, Hubbell**, and DOES 51 -
4  70, designed, manufactured, assembled, distributed, and sold electrical components supplied to
5  defendant **PAE** for use and installation on *Boundless Grace*.

6      18.     Plaintiff is informed and believes that defendants DOES 71 - 90, designed,
7  manufactured, assembled, distributed, and sold other component products supplied to defendant **PAE**
8  for use and installation on *Boundless Grace*.

9      19.     Plaintiff is informed and believes that defendants, and each of them, designed,
10 manufactured, distributed and sold products to the general public which defendants, and each of them,
11 knew would be purchased and used without inspection for defects by ordinary consumers. At all times
12 relevant to this action, defendants, and each of them, exercised control over all aspects of the design,
13 approval, manufacture and inspection of the products and materials delivered and incorporated into the
14 vessel owned by plaintiff's insured. The product(s) of each defendant was defective when it left the
15 control of each defendant. At the time of the loss, the product was being used in a manner intended by
16 or reasonably foreseeable to defendants, and each of them.

17     20.     Plaintiff is informed and believes that the defect in defendants' product, and each of
18 them, were not known to and could not have been reasonably discovered by its insured. Plaintiff's
19 insured was the owner and user of the product at the time of the fire.

20     21.     As a direct and proximate result of the failure of defendants' product(s), and each of
21 them, plaintiff's insured suffered substantial injury and damage to the *Boundless Grace* and plaintiff has
22 been damaged by reason of its obligation to pay and payment of substantial sums to or on behalf of its
23 insured for the protection, repair and loss of use of the *Boundless Grace* in an amount in excess of
24 $75,000, exclusive of interest and costs, to be determined at trial.

25      **WHEREFORE**, Plaintiff prays for judgement as hereinafter set forth.

### SECOND CLAIM FOR RELIE
### (Breach of Warranty)

28     22.     Plaintiff realleges and incorporates by reference as though fully set forth herein, the

Law Offices
TARKINGTON,
O'NEILL, BARRACK
& CHONG
A Professional Corporation

{21481Complaint Markel_PAE.wpd         - 4 -         Civil Case No.
COMPLAINT FOR DAMAGES

1 allegation of paragraphs 1 through 20, inclusive, of this Complaint.

2     23.    Plaintiff is informed and believes that at the time their respective products were sold or transferred, defendants, and each of them, expressly and impliedly represented and warranted that the product(s), services and materials provided would be of good quality and workmanship, free from defects, were of merchantable quality fit for the particular use intended and would conform to the standards of products of that nature.

    24.    Plaintiff is informed and believes that at no time prior to the fire on or about November 15, 2005, was its insured aware of any failure of the vessel or its component parts nor of any defect or deficiency in said products.

    25.    Unknown to plaintiff's insured, the vessel and component parts designed, manufactured, sold and distributed by defendants, and each of them, were, in fact, dangerous, defective and failed to be of the quality represented and warranted by defendants, and each of them.

    26.    As a direct, proximate and foreseeable result of the breach of express and imiplied warranty(ies) in the products designed, manufactured, sold and distributed by defendants, and each of them, plaintiff and its insured have suffered injury and damage in an amount according to proof at trial in excess of $75,000.

    27.    Following discovery of the breach of warranty in the products of defendants, and each of them, plaintiff gave notice to defendants of the breach and of the damages caused by the breach of said warranties; however, defendants have failed and refused and continue to fail and refuse to cure the defects, deficiencies and resultant damages to the *Boundless Grace*.

**WHEREFORE**, Plaintiff prays for judgement as hereinafter set forth.

### THIRD CLAIM FOR RELIE
(Negligence)

    28.    Plaintiff realleges and incorporates by reference as though fully set forth herein, the allegation of paragraphs 1 through 26, inclusive, of this Complaint.

    29.    Defendants, and each of them, owed a duty of care in the design, manufacture, distribution and sale of goods, services and products, to conduct their activities so as to avoid harm to the persons and property of others including, but not limited to plaintiff's insured.

Law Offices
TARKINGTON,
O'NEILL, BARRACK
& CHONG
A Professional Corporation
1100 STONY POINT ROAD,
SUITE 270
SANTA ROSA, CA 95401
Telephone (707)526-1340
Facsimile (707)544-1144

{2148}Complaint Markel_PAE.wpd     - 5 -     Civil Case No.
COMPLAINT FOR DAMAGES

30. Defendants, and each of them, breached their duty of care to plaintiff's insured by failing to ensure that the products, services and materials provided for the *Boundless Grace* were of good workmanship and materials, free from defects and fit for the purpose intended.

31. As a direct and proximate result of the breach of duty by defendants, and each of them, plaintiff has been harmed due to the fire which damaged the vessel of its insured in an amount according to proof in excess of $75,000.

### PRAYER FOR RELIEF

**WEREFORE**, plaintiff prays for judgment against defendants Pacific Asian Enterprises, Inc., Leviton Manufacturing Co., Inc., Hubbell Incorporated, and DOES 1 - 100, inclusive, as follows:

1. General damages in the amount of $288,917.57;
2. Prejudgment interest at the legal rate;
3. Costs of Suit; and,
4. For such other and further relief as the Court may deem just and proper.

DATED: November 12, 2007

TARKINGTON, O'NEILL, BARRACK & CHONG
A Professional Corporation

By _____
Thomas C. Burch
Attorneys for Plaintiff
Markel American Insurance Company

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civl Procedure on all issues in this action.

DATED: November 12, 2007

TARKINGTON, O'NEILL, BARRACK & CHONG
A Professional Corporation

By _____
Thomas C. Burch
Attorneys for Plaintiff
Markel American Insurance Company

Law Offices
TARKINGTON,
O'NEILL, BARRACK
& CHONG
A Professional Corporation

{2148}Complaint_Markel_PAE.wpd    - 6 -    Civil Case No.
COMPLAINT FOR DAMAGES