Thomas C. Burch, Esq. (STATE BAR NO. 99163)
Email: tcburch@to2law.com
Norman L. Chong, Esq. (STATE BAR NO. 111439)
Email: nchong@to2law.com
TARKINGTON, O'NEILL, BARRACK & CHONG
A Professional Corporation
601 Van Ness Avenue, Suite 2018
San Francisco, CA  94102
Telephone:    (415) 777-5501
Facsimile:    (415) 546-4962

Attorneys for Plaintiff
MARKEL AMERICA INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKEL AMERICAN INSURANCE COMPANY, | Case No. CV07-05749 EDL |
| Plaintiff, | PLAINTIFF'S OPPOSITION TO MOTION OF DEFENDANT HUBBELL TO DISMISS, OR, IN THE ALTERNATIVE FOR MORE DEFINITE STATEMENT |
| vs. | |
| PACIFIC ASIAN ENTERPRISES, INC.; a California corporation; LEVITON MANUFACTURING CO., INC., a Delaware corporation; HUBBELL INCORPORATED, a Connecticut corporation; and, DOES 1 - 100, inclusive, | Hearing Date:   February 26, 2008<br>Time:           9:00 a.m.<br>Courtroom:      E |
| Defendants | The Hon. Elizabeth D. LaPorte, Presiding |

**INTRODUCTORY STATEMENT**

This is an action for recovery of damages arising from a fire aboard the vessel *Boundless Grace* in November 2005. Plaintiff contends and alleges that the loss occurred, in part, as a result of defects in the work, materials and products of defendant Hubbell Incorporated ("Hubbell") supplied to Pacific Asian Enterprises, a California corporation, which manufactured the vessel. Hubbell is further alleged to be a corporation doing business in the State of California and, in fact, supplied defective component parts to the California manufacturer of the vessel.

Defendant Hubbell brings this motion to dismiss on the grounds that (1) the complaint does not adequately allege facts supporting venue in this district; and, (2) the complaint does not adequately allege facts in support of its claim against Hubbell. Plaintiff opposes this motion.

Law Offices
**TARKINGTON, O'NEILL, BARRACK & CHONG**
A Professional Corporation
100 STONY POINT ROAD, SUITE 270
SANTA ROSA, CA 95401
Telephone: (707)576-1380
Facsimile: (707)544-3144

{2148}Motion to Dismiss Hubbell opposition.wpd           - 1 -           Civil Case No. cv07-05749 EDL
PLAINTIFF'S OPPOSITION TO MTN OF HUBBELL TO DISMISS, OR, IN THE ALTERNATIVE FOR MORE DEFINITE STATEMENT

## LEGAL AUTHORITY AND ARGUMENT

### A.   The Complaint Alleges Facts to Supporting Venue in this District

The complaint discloses that venue in this district is predicated upon 28 U.S.C. §1391(a)(1) on the grounds that all defendant corporations are deemed to reside in this judicial district pursuant to 28 U.S.C.§ 1391(c).  These operative sections provide, in pertinent part, as follows:

> "(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State,
> . . ..
> "(c) For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

Under this standard, defendants PAE, Hubbell and Leviton are all corporations licensed to do and doing business in the State of California and the Northern District of California.  Accordingly, for the purposes of venue, they are all residents of this judicial district and venue is proper under 28 U.S.C.§1391(a)(1).  It is irrelevant for evaluation of venue that for **jurisdicational** purposes defendant corporations' domiciles are outside of the State of California.

Plaintiff Markel American Insurance Company respectfully requests this court to deny defendant Hubbell's motion to dismiss.

### B.   The Complaint Gives Hubbell Adequate Notice to Respond

Under Federal Rules of Civil Procedure, Rule 8(a), the requirements for notice pleading are liberal and require that the "complaint [] contain only (1) a statement of jurisdiction, (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for judgment for the relief the pleader seeks." A claimant's "short and plain" statement need only give "the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

The complaint in this action alleges facts sufficient to give notice to Hubbell that its liability is premised upon its manufacture of a potentially defective component part to the vessel manufacturer,

Law Offices
**TARKINGTON, O'NEILL, BARRACK & CHONG**
A Professional Corporation
100 STONY POINT ROAD,
SUITE 270
SANTA ROSA, CA 95401
Telephone: (707)576-1380
Facsimile: (707)544-3144

1 Pacific Asian Enterprises which is alleged to have contributed to a devastating fire loss. Hubbell is certainly aware of its own records of sales, the standards for manufacture of its component parts and the nature of the business it conducted with the vessel manufacturer. Certainly its knowledge of these facts is superior to plaintiff's knowledge.

Hubbell's ability to answer the complaint and to prepare a defense should not require the same specificity required for a claim of fraud or misrepresentation. The complaint contains sufficient facts to permit defendant Hubbell to assert defenses relating to alleged defects in its products. Defendant should have no problem framing potential affirmative defenses or admitting or denying plaintiff's affirmative allegations. The development of specific facts and information relating to the nature of any particular product, its use and installation by the manufacturer and the consumer are all details which can and will be developed through appropriate discovery.

The complaint states sufficient facts to permit plaintiff to respond to the complaint and plaintiff respectfully requests that defendant's motion to dismiss be overruled.

### C. There Is No Proper Basis to Require More Detailed Pleadings

Alternatively, defendant Hubbell's moves for an order requiring plaintiff to amend its complaint to add facts based upon (1) the lack of allegations relating to venue; and, (2) inadequate facts to permit an opportunity to plead or otherwise respond to the complaint. As discussed above, the complaint adequately alleges facts on both of these issues and no further pleadings should be required.

### CONCLUSION

For all of the foregoing reasons, plaintiff Markel American Insurance Company respectfully requests this court to deny defendant Hubbell Incorporated's *Motion to Dismiss, Or, in the Alternative, for a More Definite Statement*.

DATED: February 5, 2008

TARKINGTON, O'NEILL, BARRACK & CHONG
A Professional Corporation


By    */S/*
     Norman L. Chong
     Attorneys for Plaintiff
     Markel American Insurance Company

Law Offices
**TARKINGTON, O'NEILL, BARRACK & CHONG**
A Professional Corporation
100 STONY POINT ROAD,
SUITE 270
SANTA ROSA, CA 95401
Telephone: (707)576-1380
Facsimile: (707)544-3144

{2148}Motion to Dismiss Hubbell opposition.wpd     - 3 -     Civil Case No. cv07-05749 EDL
PLAINTIFF'S OPPOSITION TO MTN OF HUBBELL TO DISMISS, OR, IN THE ALTERNATIVE FOR MORE DEFINITE STATEMENT