1  LATHAM & WATKINS LLP
   Ernest J. Hahn (Bar No. 237014)
2      ernie.hahn@lw.com
   Yasmin N. Best (Bar No. 235959)
3      yasmin.best@lw.com
  633 West Fifth Street, Suite 4000
4  Los Angeles, California  90071-2007
  Telephone:  (213) 485-1234
5  Facsimile:  (213) 891-8763

6

7  Attorneys for Defendant
  Hubbell Incorporated

8
               UNITED STATES DISTRICT COURT
9
            NORTHERN DISTRICT OF CALIFORNIA
10

11

12  MARKEL AMERICAN INSURANCE
  COMPANY,

13           Plaintiff,

14      v.

15  PACIFIC ASIAN ENTERPRISES,
  INC., a California corporation;
16  LEVITON MANUFACTURING CO.,
  INC., a Delaware corporation;
17  HUBBELL INCORPORATED, a
  Connecticut corporation; and DOES 1-
18  100, inclusive,

19         Defendants.

20

CASE NO. CV07-05749 SC

**REPLY BRIEF IN SUPPORT OF
DEFENDANT HUBBELL
INCORPORATED'S MOTION TO
DISMISS**

Date:   February 26, 2008
Time:   9:00 a.m.
Place:  Courtroom 1, 17th floor (Judge
Conti)

21

22

23

24

25

26

27

28

REPLY BRIEF IN SUPPORT OF DEFENDANT
HUBBELL INCORPORATED'S
MOTION TO DISMISS

1  **MEMORANDUM OF POINTS AND AUTHORITIES**

2  **I.     VENUE IS INAPPROPRIATE IN THIS DISTRICT**

3       Plaintiff argues that venue is appropriate in the Northern District of

4  California because, under 28 U.S.C. § 1391(c), all three defendants may properly

5  be considered residents of this district, such that venue exists under 28 U.S.C. §

6  1391(a)(1).  However, the lack of any substantive information about the incident

7  underlying this suit makes it impossible for Hubbell to evaluate whether the

8  Northern District of California is the proper venue in which to litigate this matter.

9  Without for more facts, Hubbell cannot determine whether to move to transfer this

10  suit to a more appropriate venue.

11       There is little doubt that the facts such as the location of the accident and

12  location of the vessel are in Plaintiff's possession, considering it has reviewed the

13  claim for the engine fire and paid its insured.  This information is necessary for the

14  Court and the parties to evaluate whether some of the critical factors for

15  determining proper venue, such as "the relative ease of access to sources of proof;

16  availability of compulsory process for attendance of unwilling, and the cost of

17  obtaining attendance of willing, witnesses; possibility of view of premises", *see*

18  *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)

19  (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)), weigh in favor of

20  transfer.  Without these facts, Plaintiff simultaneously has failed to demonstrate

21  that venue is appropriate in the Northern District of California and has withheld the

22  information needed to determine the most appropriate court for this matter.

23

24  **II.     PLAINTIFF'S COMPLAINT DOES NOT ALLEGE SUFFICIENT**

25  **FACTS TO WITHSTAND A MOTION TO DISMISS**

26       Plaintiff argues that its Complaint meets the standards for notice pleading

27  outlined by Fed. R. Civ. Proc. 8(a).  Opp. at 2-3.  It alleges that by merely stating

28  that some product purportedly manufactured and sold by Hubbell was defective,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

REPLY BRIEF IN SUPPORT OF DEFENDANT
HUBBELL INCORPORATED'S
MOTION TO DISMISS

1    Plaintiff has satisfied the requirement to provide Hubbell with sufficient notice of

2    the facts underlying its claims.  Plaintiff then attempts to shift its burden of notice

3    to Hubbell, stating that "Hubbell is certainly aware of its own records of sales, the

4    standards for manufacture of its component parts and the nature of the business it

5    conducted with the vessel manufacturer."  Opp. at 3.

6        This sentence alone demonstrates the insufficiency of the Complaint.  This is

7    the first time that Plaintiff has alleged that Hubbell sold the purportedly defective

8    part in question to vessel manufacturer PAE.  The Complaint, in fact, alleges

9    otherwise:  ¶ 17 states that Plaintiff believes that "Hubbell…designed,

10   manufactured, assembled, distributed, and sold electrical components *supplied to*

11   *defendant PAE* for use and installation on *Boundless Grace*." (Emphasis added.)

12   There was no information in the Complaint to indicate that Hubbell had entered

13   into a relationship with PAE itself.  Plaintiff's assertion that "[c]ertainly,

14   [Hubbell's] knowledge of these facts is superior to plaintiff's knowledge" and that

15   Hubbell can simply check its records is inconsistent with the pleadings, which

16   instead assert that Hubbell sold these devices to an unnamed intermediate supplier.

17       Not knowing the name or nature of the allegedly defective problem is not a

18   mere detail to be worked out during discovery.  Contrary to Plaintiff's assertion,

19   Hubbell can and will have significant problems putting forth affirmative defenses

20   and otherwise answering the Complaint when it is ignorant of the identities of the

21   product and supplier, and has been provided no indirect information regarding

22   when, how, or why its product supposedly became incorporated into the *Boundless*

23   *Grace*.  Because Plaintiff provided scarce details regarding the nature of Hubbell

24   products involved in the incident at issue, it fails to provide Hubbell with the notice

25   required under Rule 8(a) and to state a claim for which relief may be granted.

26   Plaintiff's Complaint should be dismissed.

27

28

REPLY BRIEF IN SUPPORT OF DEFENDANT
                                          HUBBELL INCORPORATED'S
                                          MOTION TO DISMISS

1  **III.   IN LIEU OF DISMISSAL, A MORE DEFINITE STATEMENT MAY**

2  **PROVIDE HUBBELL WITH SUFFICIENT NOTICE TO DEFEND ITSELF**

3      Despite Plaintiff's statement that "there is no proper basis to require more

4  detailed pleadings", this Complaint is plainly inadequate in terms of putting

5  Hubbell on notice of the nature of the claims against it.  In such an instance, this

6  Court may appropriately order Plaintiff to supplement its pleadings so as to

7  provide Hubbell with adequate notice of the nature of Plaintiff's allegations, rather

8  than dismiss the Complaint outright.  For the reasons outlined above, the

9  Complaint is insufficient on its face and a Motion for a More Definite Statement is

10  appropriate.

11

12  **IV.   CONCLUSION**

13      For the foregoing reasons, Defendant Hubbell Incorporated respectfully

14  requests that the Court dismiss the Complaint or order Plaintiff to file a more

15  definite statement.

16

17  Dated:  February 12, 2008          Respectfully submitted,

18                      LATHAM & WATKINS LLP

19

20                      By   /s/ Yasmin N. Best _____
                          Yasmin N. Best

21
                        Attorneys for Defendant
22                      Hubbell Incorporated

23

24

25  LA\1825536.1

26

27

28

3          REPLY BRIEF IN SUPPORT OF DEFENDANT
                     HUBBELL INCORPORATED'S
                        MOTION TO DISMISS