Thomas C. Burch, Esq. (STATE BAR NO. 99163)
Email: tcburch@to2law.com
Norman L. Chong, Esq. (STATE BAR NO. 111439)
Email: nchong@to2law.com
TARKINGTON, O'NEILL, BARRACK & CHONG
A Professional Corporation
601 Van Ness Avenue, Suite 2018
San Francisco, CA 94102
Telephone:  (415) 777-5501
Facsimile:  (415) 546-4962

Attorneys for Plaintiff
MARKEL AMERICA INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKEL AMERICAN INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>PACIFIC ASIAN ENTERPRISES, INC.; a California corporation; LEVITON MANUFACTURING CO., INC., a Delaware corporation; HUBBELL INCORPORATED, a Connecticut corporation; and, DOES 1 - 100, inclusive,<br><br>Defendants | Case No. C - 07 - 05749 - SC<br><br>PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS OF DEFENDANT PACIFIC ASIAN ENTERPRISES, INC.<br><br>Hearing Date:  March 7, 2008<br>Time:  10:00 a.m.<br>Courtroom:  1<br><br>The Hon. Samuel Conti, Presiding |

## INTRODUCTORY STATEMENT

This is an action for recovery of damages arising from a fire aboard the vessel *Boundless Grace* in November 2005. Plaintiff contends and alleges that defendant Pacific Asian Enterprises, Inc. (hereinafter, "PAE") designed, manufactured, sold and delivered the vessel to plaintiff's insureds, that the vessel was defective, and that the defects resulted in substantial damage to the vessel and to other property of the insureds. After payment of its insureds' loss pursuant to its policy of insurance, plaintiff filed this action to recover the loss and damage to the insureds' property and other consequential losses.

///

///

{2148} Motion to Dismiss.PAE.opposition.wpd    - 1 -    Civil Case No. C-07-05749 SC

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS OF DEFENDANT PACIFIC ASIAN ENTERPRISES, INC.

# I. LEGAL AUTHORITY AND ARGUMENT

Defendant Pacific Asian Enterprises, Inc.'s motion is based primarily upon *East River S. S. Corp. V. Transamerica Delaval*, 476 U.S. 871 (1986) (hereinafter, "*East River*") in which the Supreme Court held that an action in admiralty against the manufacturer of a commercial vessel cannot rely upon the theories of strict liability or negligence for recovery of damages to the vessel. PAE additionally contends that the complaint is too vague to support plaintiff's breach of warranty claim because it cannot determine the nature of the warranty rights asserted. Neither of defendant's contentions are dispositive of this matter, and plaintiff respectfully requests this court to deny defendant's motion to dismiss.

### A.   The Complaint Seeks Recovery of Damages to Other Property

In *Saratoga Fishing Co. v. J. M. Martinac & Co.*, 520 U.S. 875 (1979), the Supreme Court clarified its decision in *East River* by holding that plaintiff could recover in strict liability and negligence if the defect in the original product caused damage to "other property" including components and equipment on the vessel after the purchase. As the Supreme Court held at pp. 878-879:

> "The particular question before us requires us to interpret the Court's decision in *East River:* does the term 'other property,' as used in that case, include the equipment added by the Initial User before he sold the ship to the Subsequent User? We conclude that it does: When a Manufacturer places an item in the stream of commerce by selling it to an Initial User, that item is the "product itself" under *East River*. Items added to the product by the Initial User are therefore 'other property,' ..."

At paragraph 13 of the complaint, plaintiff alleges that the vessel was severely damaged including damage to finishes, furnishings and personal property. Such property clearly includes "other property" subject to strict liability and other tort recovery. On that basis alone, defendant's motion to dismiss is inapt and should be denied.

Plaintiff Markel American Insurance Company respectfully requests this court to deny defendant Hubbell's motion to dismiss.

### B.   The Warranty Claim is Sufficient to Permit PAE to Respond

Defendant PAE also moves to dismiss plaintiff's warranty claim on the grounds that it fails to allege facts sufficient to give notice of the nature of the claimed warranty. Evidently, defendant has not read (or chosen to ignore) paragraphs 23 - 26 of the complaint which essentially allege that (1) each defendant expressly and impliedly warranted that its product was free from defects; (2) that the

Law Offices
TARKINGTON,
O'NEILL, BARRACK
& CHONG
A Professional Corporation
601 VAN NESS AVENUE,
SUITE 2018
SAN FRANCISCO CA 94102
Telephone: (415)777-5501
Facsimile: (415)546-4962

{2148}Motion to Dismiss.PAE.opposition.wpd    - 2 -    Civil Case No. C-07-05749 SC

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS OF DEFENDANT PACIFIC ASIAN ENTERPRISES, INC.

respective product of each defendant did not conform to the express and implied warranties; and, (3) that, as a result of the failure of each defendant's non-conforming product, the vessel was damaged and loss incurred.

These are not mere conclusory allegations. The allegations provide sufficient factually specific information to permit each defendant to assess its potential liability and to respond to the complaint. Defendant PAE has cited no case requiring more specific allegations in a product or warranty claim. Further, it is inconceivable that defendant PAE would have no records within its possession or control relating to the sale of one of its featured products only 3 years ago.

## CONCLUSION

For all of the foregoing reasons, plaintiff Markel American Insurance Company respectfully requests this court to deny the *Motion to Dismiss of Defendant Pacific Asian Enterprises, Inc,.*

DATED: February 15, 2008

TARKINGTON, O'NEILL, BARRACK & CHONG
A Professional Corporation

By _____
Norman L. Chong
Attorneys for Plaintiff
Markel American Insurance Company

{2148} Motion to Dismiss.PAE.opposition.wpd — 3 — Civil Case No. C-07-05749 SC

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS OF DEFENDANT PACIFIC ASIAN ENTERPRISES, INC.