Thomas C. Burch, Esq. (STATE BAR NO. 99163)
Email: tcburch@to2law.com
Norman L. Chong, Esq. (STATE BAR NO. 111439)
Email: nchong@to2law.com
TARKINGTON, O'NEILL, BARRACK & CHONG
A Professional Corporation
601 Van Ness Avenue, Suite 2018
San Francisco, CA  94102
Telephone:     (415) 777-5501
Facsimile:     (415) 546-4962

Attorneys for Plaintiff
MARKEL AMERICAN INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKEL AMERICAN INSURANCE COMPANY, | Case No. CV07-05749 SC |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** |
| vs. | |
| PACIFIC ASIAN ENTERPRISES, INC.; a California corporation; LEVITON MANUFACTURING CO., INC., a Delaware corporation; HUBBELL INCORPORATED, a Connecticut corporation; and, DOES 1 - 100, inclusive, | CMC Date:     March 21, 2008<br>Time:            10:00 a.m.<br>Courtroom:    1 |
| Defendants | The Honorable Samuel Conti, presiding |

The parties to the above entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

1.     **JURISDICTION AND SERVICE**

Jurisdiction has been invoked based upon diversity of citizenship of the parties pursuant to 26 U.S.C. 1332(a).  Defendant Hubbell Incorporated ("Hubbell") has objected to venue in this district and a motion to dismiss is currently pending before this court.

Service has been effected on all named defendants; however, plaintiff has been informed that the allegedly defective outlet box was not manufactured, distributed or sold by defendant Leviton Manufacturing Co., Inc. ("Leviton").  Plaintiff intends to dismiss the complaint as to defendant Leviton without prejudice upon tentative confirmation of this assertion and has extended an open extension of

Law Offices
**TARKINGTON,
O'NEILL, BARRACK
& CHONG**
A Professional Corporation
601 VAN NESS AVENUE
SUITE 2018
SAN FRANCISCO, CA 94102
Telephone: (415)777-5501
Facsimile: (415)546-4962

{2148}Case Management Stm.03-14-08.wpd                - 1 -                Civil Case No. CV07-05749 SC

1    time to Leviton pending the on going inquiry.

2              2.    **FACTS AND IDENTIFICATION OF PARTIES**

3              This is a subrogation action by plaintiff Markel American Insurance Company ("Markel")

4    for damages resulting from a devastating fire aboard its insured vessel, *Boundless Grace*, which

5    occurred on or about November 15, 2005.

6              Plaintiff Markel issued a policy of insurance for the *Boundless Grace* and, pursuant to the

7    terms of its policy, paid substantial sums for damages resulting from the fire. Markel is subrogated to

8    the rights of its named insured to recover the amounts paid from the responsible party(ies). Plaintiff

9    alleges that its post-fire investigation identified the probable cause and origin of the fire as a defect or

10   defects in the vessel's electrical system specifically, an outlet box and/or associated electrical wiring

11   located in or near the engine compartment of the vessel.

12             Defendant Pacific Asian Enterprises, Inc. ("PAE") is the alleged designer, manufacturer and

13   seller of the *Boundless Grace* which was delivered to plaintiff's named insured on or about February

14   2004. Plaintiff contends that the allegedly defective components were installed by PAE and were

15   defective at the time the vessel was delivered to plaintiff's named insured.

16             Either defendant Hubbell or defendant Leviton is alleged to have been the manufacturer and

17   distributor of the allegedly defective outlet box installed on the vessel. Plaintiff is informed and

18   believes that PAE tentatively concluded that the outlet box was not manufactured by Leviton.

19             Disputed Facts: Defendants each dispute the extent, nature and cause of the fire and of the

20   damages to the vessel as alleged by plaintiff. Hubbell further contends that it is a holding company and

21   is not the manufacturer of any product involved in the loss.

22             3.    **PRINCIPAL LEGAL ISSUES IN DISPUTE**:

23             Defendant PAE contends that plaintiff cannot state a claim against the manufacturer of a

24   vessel for a defect in the vessel based upon strict liability and/or negligence pursuant to *East River S.*

25   *S. Corp. V. Transamerica Delaval*, 476 U.S. 871 (1986). Plaintiff contends that *East River* is

26   inapplicable to its claim.

27             Defendant Hubbell contends that venue is improper in this district since there are insufficient

28   allegations that the loss substantially arose in this district. Plaintiff contends that venue is proper under

Law Offices
**TARKINGTON,**
**O'NEILL, BARRACK**
**& CHONG**
A Professional Corporation
601 VAN NESS AVENUE,
SUITE 2058
SAN FRANCISCO, CA 94102
Telephone: (415)777-5501
Facsimile: (415)546-4962

{2148}Case Management Stm.03-14-08.wpd          - 2 -          Civil Case No. CV07-05749 SC

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER

1  28 U.S.C. §1391(a)(1) since the corporate defendants each conduct substantial business in this district

2  and are deemed to be residents of this district pursuant to  28 U.S.C. §1391(c).

3  Both defendants contend that the facts, as alleged in the complaint, are insufficient to support

4  plaintiff's claims and have moved to dismiss the complaint and/or for a more definite statement.

5  Plaintiff contends that the facts alleged in the complaint provide sufficient notice of the claims and

6  causes of action to permit each defendant to reasonably respond.

7  4.    **MOTIONS**:

8  Each defendant has filed a motion to dismiss set for hearing in conjunction with the Initial

9  Case Management Conference.   Defendant Hubbell believes the accident did not occur in California,

10  and intends to move to transfer venue to an appropriate District once the location of the relevant events

11  is known.

12  5.    **AMENDMENT OF PLEADINGS**:

13  a.    Parties:   Plaintiff is likely to dismiss defendant Leviton without prejudice.

14  Plaintiff may amend its complaint to name the proper entity if Hubbell Incorporated is not

15  the proper party.  No additional parties are anticipated at this time.

16  b.    Claims and Defenses:    Further pleadings by the parties will be filed

17  following the court's ruling on the pending motions to dismiss.  Said pleadings are to be

18  filed within the time permitted by the Federal Rules of Civil Procedure.

19  6.    **EVIDENCE PRESERVATION**:

20  Shortly after the fire and before significant repairs were conducted, an initial investigation

21  of the cause and origin of the loss and the resultant damages was conducted in December 2005 and

22  January 2006. Defendants PAE and Leviton were given notice of the investigation and were permitted

23  to inspect the vessel and the allegedly defective components.   Defendant Hubbell was identified as a

24  potentially responsible party after the inspections and has not been permitted to inspect the vessel or the

25  allegedly defective components.

26  At the time of the initial inspections the following evidence was taken and preserved:

27  a.    The allegedly defective outlet box; and,

28  b.    Wiring associated with the outlet box.

Law Offices
TARKINGTON,
O'NEILL, BARRACK
& CHONG
A Professional Corporation
601 VAN NESS AVENUE,
SUITE 2018
SAN FRANCISCO, CA 94102
Telephone: (415)777-5501
Facsimile: (415)546-4962

{2148} Case Management Stm.03-14-08.wpd        - 3 -              Civil Case No. CV07-05749 SC

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER

1        In addition, the parties involved in the inspections took photographs of the vessel and the

2  implicated components.

3        7.    **DISCLOSURES**:   The parties have agreed to defer initial disclosures until April

4  18, 2008.

5        8.    **DISCOVERY**:  In conjunction with the above, no discovery has been taken to date.

6  The parties have been unable to agree on a discovery schedule or plan. Plaintiff proposes to limit

7  discovery prior to the proposed mediation, then open discovery if the matter is not resolved. Defendants

8  request that there be no limitation on discovery following the Rule 26 exchange.

9        9.    **CLASS ACTION**: Not applicable.

10        10.    **RELATED CASES**: None known at this time.

11        11.    **RELIEF SOUGHT**:

12        a.    Plaintiff seeks recovery of damages according to proof. The damages consist

13  of amounts actually paid by plaintiff to or on behalf of its named insured for (1) damage to

14  the vessel including fixtures, finishes and equipment; (2) damage to the personal property

15  of the insured; (3) loss of use; and, (4) incidental costs and expenses attendant to the loss.

16  Plaintiff also seeks recovery of pre-judgment interest on the amount certain.

17        b.    Defendants may dispute whether some or all of the alleged damage resulted

18  from the fire or from other, unrelated causes.

19        12.    **SETTLEMENT AND ADR**:

20        The parties have tentatively agreed to private mediation of this dispute; however, the terms

21  and conditions for the mediation and identification of a mediator have not yet been resolved. Given

22  the need for some basic exchange of information and possible discovery prior to the mediation, the

23  parties anticipate that the initial, early mediation process should be completed by mid-August 2008.

24        Key pre-mediation discovery identified to date includes:

25        a.    Exchange of initial investigation materials;

26        b.    Inspection of preserved evidentiary materials;

27        c.    Informal exchange of sale and warranty materials;

28        d.    Damages documents.

Law Offices
**TARKINGTON,
O'NEILL, BARRACK
& CHONG**
A Professional Corporation
601 VAN NESS AVENUE,
SUITE 2018
SAN FRANCISCO, CA 94102
Telephone: (415)777-5501
Facsimile: (415)546-4962

{2148}Case Management Stm.03-14-08.wpd     - 4 -     Civil Case No. CV07-05749 SC

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER

13.    **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**:  Plaintiff has not consented to have a Magistrate Judge assigned for all purposes.

14.    **OTHER REFERENCES**: The parties have tentatively agreed to private mediation. The parties do not believe that reference to a special master or for binding arbitration is appropriate.

15.    **NARROWING OF ISSUES**: The parties will conduct further discussions during the course of initial mediation activities which may permit the narrowing of issues and/or procedures which might expedite resolution of this action.

16.    **EXPEDITED SCHEDULE**: Defendants contend that this case is not appropriate for an expedited schedule of discovery and trial.

17.    **SCHEDULING**:    The parties request that further scheduling in this matter be deferred pending (a) resolution of pending pleadings issues; and, (b) completion of mediation. Alternatively, the parties propose the following schedule:

|   | Activity | Completion Date |
|---|----------|-----------------|
| a. | Service of initial disclosures: | April 18, 2008 |
| b. | Mediation (1 or more sessions): | July - August 2008 |
| c. | Percipient Witness Discovery: | October 17, 2008 |
| d. | Expert Witness Disclosures: | November 7, 2008 |
| e. | Expert Discovery: | December 19, 2008 |
| f. | Dispositive Motion Hearing: | January 30, 2009 |
| g. | Pre-Trial Conference: | February 27, 2009 |
| h. | Trial: | March 23, 2009 |

18.    **TRIAL**: Plaintiff has demanded a jury.  Length of trial:  5 court days.

Law Offices
TARKINGTON,
O'NEILL, BARRACK
& CHONG
A Professional Corporation
601 VAN NESS AVENUE,
SUITE 2010
SAN FRANCISCO, CA 94102
Telephone: (415)777-5501
Facsimile: (415)546-4962

{2148}Case Management Stm.03-14-08.wpd                - 5 -                Civil Case No. CV07-05749 SC

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER

19.    <u>CERTIFICATION OF NON-PARTY INTERESTED ENTITIES OR PERSONS</u>

        a.    <u>Plaintiff Markel American Insurance Company</u>:

                i.    Filed.

                ii.    Interested Person(s): Markel Corporation, a publicly traded, Virginia corporation, is the parent holding company of and has a financial interest in Markel American Insurance Company.

        b.    <u>Hubbell Incorporated</u>:

                i.    Filed.

                ii.    Interested Person(s):  None

        c.    <u>Pacific Asian Enterprises, Inc.</u>:

                i.    Filed.

                ii.    Interested Person(s): None

20.    <u>OTHER MATTERS</u>: None at this time.

Dated: March 14, 2008

                TARKINGTON, O'NEILL, BARRACK & CHONG
                A Professional Corporation

                By
                    Thomas C. Burch, Esq.
                    Attorneys for Plaintiff
                    Markel American Insurance Company

Dated: March 14, 2008

                GIBSON, ROBB & LINDH LLP

                By
                    Joshua A. Southwick, Esq.
                    Attorneys for Defendant
                    Pacific Asian Enterprises, Inc.

///

///

Law Offices
TARKINGTON,
O'NEILL, BARRACK
& CHONG
A Professional Corporation
465 CALIFORNIA AVENUE,
5TH FLOOR
SAN FRANCISCO, CA 94101
Telephone: (415)772-1541
Facsimile: (415)346-0942

{2148} Case Management Stmt.03-14-08.wpd           - 6 -           Civil Case No. CV07-05749 SC

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER

Dated: March 14, 2008                    LATHAM & WATKINS LLP

By _____

    Ernest J. Hahn, Esq.
    Attorneys for Defendant
    Hubbell Incorporated

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition, the Court orders:

    1.    This matter is referred to private mediation.

        a.    The parties shall meet and confer and shall select a mediator not later than June 13, 2008.

        b.    The parties shall use their best efforts to schedule an initial session with the mediator by July 18, 2008, or as soon thereafter as the agreed mediator may be available.

    2.    A further Case Management Conference is set for _____, 2008, at 10:00 a.m.

Dated: _____, 2008    _____

                                The Honorable Samuel Conti
                                United States District Judge

Law Offices
TARKINGTON,
O'NEILL, BARRACK
& CHONG
A Professional Corporation
601 VAN NESS AVENUE,
SUITE 2016
SAN FRANCISCO, CA 94102
Telephone: (415)777-5501
Facsimile: (415)546-4962

{2148}Case Management Stm.03-14-08.wpd                - 7 -                Civil Case No. CV07-05749 SC

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER