Thomas C. Burch, Esq. (STATE BAR NO. 99163)
Email: tcburch@to2law.com
Norman L. Chong, Esq. (STATE BAR NO. 111439)
Email: nchong@to2law.com
TARKINGTON, O'NEILL, BARRACK & CHONG
A Professional Corporation
601 Van Ness Avenue, Suite 2018
San Francisco, CA  94102
Telephone:     (415) 777-5501
Facsimile:     (415) 546-4962

Attorneys for Plaintiff
MARKEL AMERICA INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKEL AMERICAN INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>PACIFIC ASIAN ENTERPRISES, INC.; a California corporation; LEVITON MANUFACTURING CO., INC., a Delaware corporation; HUBBELL INCORPORATED, a Connecticut corporation; and, DOES 1 - 100, inclusive,<br><br>    Defendants | Case No.     C-07-5749 SC<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES FOR:<br><br>1. Strict Products Liability<br>2. Breach of Warranty<br>3. General Negligence<br><br>DEMAND FOR JURY TRIAL |

COMES NOW plaintiff MARKEL AMERICAN INSURANCE COMPANY and alleges as to defendants, and each of them, as follows:

### JURISDICTION

1.     Jurisdiction over this matter is proper in this court under 28 U.S.C. §1332 as there is complete diversity of citizenship between plaintiff and defendants in this action, and the amount in controversy exceeds $75,000.

### VENUE

2.     Venue for this diversity action is proper in this District under 28 U.S.C. §1391(a) on the grounds that (1) for purposes of venue, defendant corporations are all deemed to reside in this judicial district pursuant to 28 U.S.C. §391( c ).

## PARTIES

3. At all times relevant herein, plaintiff MARKEL AMERICAN INSURANCE COMPANY (hereinafter, "**MARKEL**") was and is a Virginia corporation with a principal place of business in Wisconsin and is admitted to do and doing business of insurance in the State of California.

4. Plaintiff is informed and believes that, at all times relevant herein, defendant PACIFIC ASIAN ENTERPRISES, INC. (hereinafter, "**PAE**"), was and is a California corporation licensed to do and doing business in the State of California, including the Northern District of California, with a principal place of business in Dana Point, California.

5. Plaintiff is informed and believes that, at all times relevant herein, defendant LEVITON MANUFACTURING CO., INC. (hereinafter, "**LEVITON**") was and is a Delaware corporation with a principal place of business in the State of New York which is licensed to do and doing business in the State of California, including the Northern District of California.

6. Plaintiff is informed and believes that, at all times relevant herein, defendant HUBBELL INCORPORATED, doing business in California, including the Northern District of California, as Harvey Hubbell Incorporated (hereinafter, "**HUBBELL**") was and is a Connecticut corporation with a principal place of business in the State of Connecticut which is licensed to do and doing business in the State of California including the Northern District of California.

7. Plaintiff is unaware and ignorant of the true names and domicile of the defendants identified as DOES 1-100, inclusive, and therefore sues said defendants by such fictitious names and prays for leave to amend this complaint when the true names and capacities of said fictitiously named defendants have been ascertained.

8. Plaintiff is informed and believes and thereon alleges that each of the defendants is and at all times herein was the agent, principal, undisclosed agent, undisclosed principal, associate, employee and/or representative of the other(s) or in some other way responsible for the damages suffered by plaintiff and plaintiff will seek leave to amend this complaint when such relationships are ascertained.

## GENERAL ALLEGATIONS

9. At all relevant times herein plaintiff **MARKEL** issued to its insured, Ron Montague,

Law Offices
TARKINGTON,
O'NEILL, BARRACK
& CHONG
A Professional Corporation
601 VAN NESS AVENUE,
SUITE 2018
SAN FRANCISCO, CA 95102
Telephone: (415)777-5501
Facsimile: (415)546-4962

{2148}Complaint.Markel_PAEv5.wpd    - 2 -    Civil Case No. C-07-5749 SC

FIRST AMENDED COMPLAINT FOR DAMAGES

a policy of insurance called the Jackline Policy, policy number JL0000045-2, for the policy period of September 19, 2005, to September 19, 2006, on a 2003 47' Nordhavn trawler, hull number PAI470111003 named *Boundless Grace*.

10. Plaintiff is informed and believes that the *Boundless Grace* was designed, manufactured, distributed and sold by **PAE** and incorporated the work, materials and products, including GFCI duplex receptacles, of defendants **LEVITON, HUBBELL** and DOES 1 - 100, inclusive.

11. Plaintiff is further informed and believes that its insured purchased the *Boundless Grace* directly from defendant **PAE** which delivered the vessel to him in or about January 2004, in the State of Florida. Unknown to plaintiff's insured, at the time the vessel was delivered, the vessel and certain key components, including a GFCI duplex receptacle in the engine room, were defective, deficient and/or were otherwise not fit for the purpose intended.

12. On or about November 14, 2005, as a direct, foreseeable and proximate result of the defects, deficiencies and poor workmanship of the work, materials and products, including a GFCI duplex receptacle, of defendants, and each of them, the *Boundless Grace* was severely damaged in an engine room fire including, but not limited to heat, fire, smoke, and water damage to its machinery space, generator, engine and mechanical systems, cabin, wheelhouse, electrical system, fuel system, plumbing system, insulation, fittings, finishes, furnishings and appliances, as well as personal property of plaintiff's insured including deck chairs, sun pads, lounge chair, Magma grill, bungy cords, mattresses, and personal furnishings. In addition, various dock fees and emergency repair and clean up costs were necessarily incurred to protect the boat.

13. Plaintiff is informed and believes the fire originated at a GFCI duplex receptacle mounted on the lower bulkhead near the engine room deck on the starboard side of the engine room just forward of the generator and near the bottom stern end port side corner of the starboard side fuel tank aboard the *Boundless Grace*. The facts supporting the belief as to the origin of the fire are: concentration of burn damage and burn patterns in this area; fire spread and travel patterns emitting from this area; comparative concentration of damage to the GFCI duplex receptacle; and information from the insured.

Law Offices
TARKINGTON,
O'NEILL, BARRACK
& CHONG
A Professional Corporation
601 VAN NESS AVENUE,
SUITE 2018
SAN FRANCISCO, CA 95102
Telephone: (415)777-5501
Facsimile: (415)546-4962

{2148}Complaint.Markel_PAEv5.wpd   - 3 -   Civil Case No. C-07-5749 SC

FIRST AMENDED COMPLAINT FOR DAMAGES

14. Plaintiff is informed and believes the subject fire was an accidental fire caused by an electrical malfunction/failure of the GFCI duplex receptacle positioned within the area of origin. The facts supporting the belief as to the cause of the fire are: origin of the fire, itself; absence and/or elimination of other potential ignition sources; presence of possible fire-causing electrical damage to the GFCI duplex receptacle; and information from the insured.

15. As a direct and proximate result of the fire and the damage caused to the *Boundless Grace*, plaintiff was obligated to pay and paid substantial sums to or on behalf of its insured for the protection, repair, and loss of use of the vessel and the insured's personal property in an amount according to proof, but in the approximate amount of $300,000.

16. Plaintiff has performed all acts in compliance with the terms and conditions of its policy with its named insured for the loss to *Boundless Grace*, and by reason thereof, has become subrogated to the rights of its insured to recover the amounts paid and incurred as a proximate result of the loss and damage to the vessel and the personal property of the insured.

**FIRST CLAIM FOR RELIEF**
**(Strict Liability Against All Defendants)**

17. Plaintiff realleges and incorporates by reference as though fully set forth herein, the allegation of paragraphs 1 through 16, inclusive, of this Complaint.

18. Plaintiff is informed and believes that defendant **PAE**, and DOES 1 - 50, designed, manufactured, assembled, distributed, and sold the 2003 47 foot Nordhavn trawler known as *Boundless Grace* to plaintiff's insured, Ron Montague.

19. Plaintiff is informed and believes that defendants **Leviton, Hubbell**, and DOES 51 - 70, designed, manufactured, assembled, distributed, and sold electrical components, including GFCI duplex receptacles, that were supplied to defendant **PAE** for use and installation on *Boundless Grace*.

20. Plaintiff is informed and believes that defendants DOES 71 - 90, designed, manufactured, assembled, distributed, and sold other component products supplied to defendant **PAE** for use and installation on *Boundless Grace*.

21. Plaintiff is informed and believes that defendants, and each of them, designed, manufactured, distributed and sold products, including GFCI duplex receptacles, to the general public

Law Offices
TARKINGTON,
O'NEILL, BARRACK
& CHONG
A Professional Corporation
601 VAN NESS AVENUE,
SUITE 2018
SAN FRANCISCO, CA 95102
Telephone: (415)777-5501
Facsimile: (415)546-4962

{2148}Complaint.Markel_PAEv5.wpd         - 4 -         Civil Case No. C-07-5749 SC

FIRST AMENDED COMPLAINT FOR DAMAGES

which defendants, and each of them, knew would be purchased and used without inspection for defects by ordinary consumers. At all times relevant to this action, defendants, and each of them, exercised control over all aspects of the design, approval, manufacture and inspection of the products and materials, including the GFCI duplex receptacles, delivered and incorporated into the vessel owned by plaintiff's insured. The product(s) of each defendant, including the GFCI duplex receptacle(s), was defective when it left the control of each defendant. At the time of the loss, the product, including the GFCI duplex receptacle, was being used in a manner intended by or reasonably foreseeable to defendants, and each of them.

22. Plaintiff is informed and believes that the defects in defendants' product, including the GFCI duplex receptacle, and each of them, were not known to and could not have been reasonably discovered by its insured. Plaintiff's insured was the owner and user of the product at the time of the fire.

23. As a direct and proximate result of the failure of defendants' product(s), including the GFCI duplex receptacle in the engine room, and each of them, plaintiff's insured suffered substantial injury and damage to the *Boundless Grace* and to plaintiff's insured's personal property. Plaintiff was obligated to pay and paid substantial sums to or on behalf of its insured for the protection, repair and loss of use of the *Boundless Grace* and the personal property of plaintiff's insured. As a result, plaintiff has incurred damage and seeks to recover from defendants the amounts paid to or on behalf of its insured for loss and damage to the insured's personal property other than the vessel, itself, in an approximate amount of $3,000, exclusive of interest and costs, to be determined at trial.

**WHEREFORE**, Plaintiff prays for judgment against all defendants as hereinafter set forth.

**SECOND CLAIM FOR RELIEF**
**(Breach of Implied Warranty Against All Defendants Except PAE)**

24. Plaintiff realleges and incorporates by reference as though fully set forth herein, the allegation of paragraphs 1 through 22, inclusive, of this Complaint.

25. Plaintiff is informed and believes that at the time their respective products were sold or transferred, defendants, and each of them except **PAE**, impliedly represented and warranted that the product(s), services and materials provided, including the GFCI duplex receptacles, would be of good

quality and workmanship, free from defects, were of merchantable quality fit for the particular use intended and would conform to the standards of products of that nature.

26. Plaintiff is informed and believes that at no time prior to the fire on or about November 15, 2005, was its insured aware of any failure of the vessel or its component parts nor of any defect or deficiency in said products, including the GFCI duplex receptacles.

27. Unknown to plaintiff's insured, the vessel and component parts, including the GFCI duplex receptacles, designed, manufactured, sold and distributed by defendants, and each of them, were, in fact, dangerous, defective and failed to be of the quality represented and warranted by defendants, and each of them.

28. As a direct, proximate and foreseeable result of the breach of implied warranty(ies) by defendants except **PAE** in the products, including the GFCI duplex receptacles, designed, manufactured, sold and distributed by defendants, and each of them, plaintiff and its insured have suffered injury and damage in an amount according to proof at trial but in the approximate amount of $300,000.

29. Following discovery of the breach of implied warranty by defendants except **PAE** in the products, including the GFCI duplex receptacles, of defendants, and each of them, plaintiff gave notice to defendants of the breach and of the damages caused by the breach of said implied warranties; however, defendants have failed and refused and continue to fail and refuse to cure the defects, deficiencies and resultant damages to the *Boundless Grace*.

**WHEREFORE**, Plaintiff prays for judgment against all defendants except **PAE** as hereinafter set forth.

### THIRD CLAIM FOR RELIEF
### (Negligence Against All Defendants)

30. Plaintiff realleges and incorporates by reference as though fully set forth herein, the allegation of paragraphs 1 through 23, inclusive, of this Complaint.

31. Defendants, and each of them, owed a duty of care in the design, manufacture, distribution and sale of goods, services and products, including GFCI duplex receptacles, to conduct their activities so as to avoid harm to the persons and property of others including, but not limited to

plaintiff's insured.

32. Defendants, and each of them, breached their duty of care to plaintiff's insured by failing to ensure that the products, services and materials, including GFCI duplex receptacles, provided for the *Boundless Grace* were of good workmanship and materials, free from defects and fit for the purpose intended.

33. As a direct and proximate result of the breach of duty by defendants, and each of them, plaintiff has incurred damage and seeks to recover from defendants the amounts paid to or on behalf of its insured for loss and damage to the insured's personal property other than the vessel, itself, in an approximate amount of $3,000, exclusive of interest and costs, to be determined at trial.

**WHEREFORE**, Plaintiff prays for judgment against all defendants as hereinafter set forth.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment on the first and third causes of action against all defendants as follows:

1. Compensatory damages according to proof and in the approximate amount of $3,000;
2. Prejudgment interest at the legal rate;
3. Costs of Suit; and,
4. For such other and further relief as the Court may deem just and proper.

**WHEREFORE**, Plaintiff prays for judgment on the second cause of action against all defendants except **PAE** as follows:

5. Compensatory damages according to proof and in the approximate amount of $300,000;
6. Prejudgment interest at the legal rate;
7. Costs of Suit; and,
8. For such other and further relief as the Court may deem just and proper.

/////
/////

Law Offices TARKINGTON, O'NEILL, BARRACK & CHONG
A Professional Corporation
601 VAN NESS AVENUE, SUITE 2018
SAN FRANCISCO, CA 95102
Telephone: (415)777-5501
Facsimile: (415)546-4962

{2148}Complaint.Markel_PAEv5.wpd    - 7 -    Civil Case No. C-07-5749 SC

FIRST AMENDED COMPLAINT FOR DAMAGES

DATED: August 27, 2008

TARKINGTON, O'NEILL, BARRACK & CHONG
A Professional Corporation

By *Thomas C. Burch*
Thomas C. Burch
Attorneys for Plaintiff
Markel American Insurance Company