UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKEL AMERICAN INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC ASIAN ENTERPRISES, INC., a California Corporation; LEVITON MANUFACTURING CO., INC., a Delaware Corporation; HUBBELL INCORPORATED, a Connecticut Corporation; and DOES 1-100, inclusive,<br><br>Defendants. | No. C-07-5749 SC<br><br>ORDER DENYING HUBBELL'S <u>MOTION TO DISMISS</u> |

## I. INTRODUCTION

Plaintiff Markel American Insurance Co. ("Markel") brought this suit seeking to recover for damages resulting from a fire aboard the vessel <u>Boundless Grace</u> in November 2005. Markel alleges that Defendant Pacific Asian Enterprises ("PAE") manufactured the vessel, incorporating parts manufactured by Defendant Hubbell Inc. ("Hubbell"), and asserts claims against PAE, Hubbell, and Defendant Leviton Manufacturing Co. ("Leviton") for strict liability, breach of warranty, and negligence. <u>See</u> Compl., Docket No. 1.

On motions by Hubbell and PAE, the Court previously dismissed all claims in the Complaint without prejudice. <u>See</u> Docket No. 33 ("MTD Order"). Following the Court's order, Markel filed its

1 First Amended Complaint ("FAC").  Docket No. 35.  Now before the
2 Court is Hubbell's Motion to Dismiss the FAC.  Docket No. 43.
3 Markel filed an Opposition and Hubbell filed a Reply.  Docket Nos.
4 44, 45.  For the reasons set forth below, the Court hereby DENIES
5 Hubbell's Motion.

## II. BACKGROUND

Markel is an insurance company.  At the times relevant to this dispute, Markel issued to its insured, Ron Montague ("Montague"), an insurance policy called the Jackline Policy, number JL0000045-2, for the policy period from September 19, 2005, to September 19, 2006, to cover the vessel named <u>Boundless Grace</u>, hull number PAI470111003 (the "Vessel").  FAC ¶ 9.  Montague purchased the Vessel from PAE in January 2004 in Florida.  Id. ¶ 11.  Markel alleges that the Vessel was designed, manufactured, distributed, and sold by PAE, and incorporated work, materials, and products of Leviton and Hubbell.  Id. ¶ 10.  Specifically, Markel alleges that Leviton and Hubbell designed, manufactured, assembled, distributed, and sold electrical components, including GFCI duplex receptacles, supplied to PAE for use and installation on the Vessel.  Id. ¶ 19.

In November 2005, the Vessel was severely damaged by a fire in its engine room.  Id. ¶ 12.  This included heat, fire, smoke, and water damage to the machinery space, generator, engine, and mechanical systems, cabin, wheelhouse, electrical system, fuel system, plumbing system, insulation, fittings, finishes, furnishings and appliances, as well as personal property.  Id.

The personal property allegedly damaged in the fire included deck chairs, sun pads, a lounge chair, a grill, bungee cords, and mattresses. Id. In addition to damage to the Vessel, dock fees, emergency repair and clean-up costs were incurred to protect the Vessel. Id.

Based on its investigation of the fire, Markel believes the fire originated in the engine room, at a GFCI duplex receptacle near the stern end of the starboard side fuel tank. Id. ¶ 13. Markel alleges that the fire was caused by "an electrical malfunction/failure of the GFCI duplex receptacle." Id.

Markel alleges that at the time Montague purchased the Vessel from PAE, the Vessel and certain components thereof, including a GFCI duplex receptacle, were defective, deficient, and/or otherwise not fit for the purpose intended. Id. ¶ 11. Markel alleges that the damage the Vessel suffered in the fire was a "direct, foreseeable and proximate result of the defects, deficiencies and poor workmanship of the work, materials and products" of Defendants. Id. ¶ 12. As a result of the fire, Markel was obligated to pay substantial sums to or on behalf of Montague for the protection, repair, and loss of use of the Vessel. Id. ¶ 15. Markel has complied in full with the conditions of the insurance policy, and has therefore become subrogated to Montague's rights to recover damages resulting from the damage to the Vessel. Id. ¶ 16. Based on these allegations, Markel asserts claims for strict liability, breach of warranty, and negligence.

### III. **LEGAL STANDARD**

A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss tests the sufficiency of the complaint.  Dismissal pursuant to Rule 12(b)(6) is appropriate if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).  When evaluating a motion to dismiss, the court accepts the facts as stated by the nonmoving party and draws all reasonable inferences in its favor.  See Everest & Jennings, Inc. v. Am. Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir. 1994). Furthermore, the court must assume that all general allegations "embrace whatever specific facts might be necessary to support them."  Peloza v. Capistrano Unified Sch. Dist., 37 F.3d 517, 521 (9th Cir. 1994).

### IV. **DISCUSSION**

Hubbell contends that the changes Markel made in the FAC fail to meaningfully address the deficiencies the Court identified in the Complaint.  Hubbell does not argue that Markel has failed to allege the elements of its claims.  Rather, Hubbell's position is that Markel has failed to allege anything beyond the basic elements of its claim, making it impossible for Hubbell to prepare a defense.  The Court disagrees.

In responding to the Court's Order, Markel added a number of significant facts to the FAC.  The new allegations include the specific component Markel believes to have caused the fire, the basis for this belief, and the location and nature of the fire and

4

the resulting damage on the Vessel.  These allegations are specific enough that Hubbell may prepare a defense on the merits.

The bar for notice pleading under the Federal Rules of Civil Procedure is low.  See Fed. R. Civ. P. 8(a)(1).  The FAC need not provide Hubbell with every detail it needs for its defense.  The discovery process will allow Markel to develop its case and Hubbell to develop its defenses.

## V. CONCLUSION

For the reasons set forth above, the Court concludes that Markel's First Amended Complaint satisfies the pleading standards of the Federal Rules of Civil Procedure.  Hubbell's Motion is therefore DENIED.

IT IS SO ORDERED.

Dated: December 2, 2008

_____
UNITED STATES DISTRICT JUDGE

5